IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-75-BO

| | |
|---|---|
| DARWIN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 29, 2014, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on May 5, 2009, alleging disability since March 6, 2009. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant

has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's obesity, diabetes mellitus, sleep apnea, bilateral lower extremity fractures, degenerative joint disease of the left knee, degenerative disc disease of the lumbar spine, and right foot degenerative disease were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a greatly reduced range of light work. The ALJ found that plaintiff could not return to his past relevant work, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his opinion.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. §

3

404.1545(a)(3). When formulating plaintiff's RFC, the ALJ relied on the opinion of Dr. Caviness, a state agency consultative physician, noting that he included additional postural limitations in light of plaintiff's testimony. Tr. 23. Dr. Caviness' opinion that plaintiff could perform light work was not, however, without qualification. Tr. 322. Dr. Caviness opined that plaintiff could perform light work assuming that plaintiff's left leg, which was currently in the treatment and recovery phase after he fell at work, continued to heal. *Id.*; Tr. 297-99. The record reflects that this continuing healing and improvement did not occur. Tr. 307-313. Moreover, Dr. Caviness' opinion was given prior to plaintiff's motor vehicle accident in January 2010, in which he sustained fractures to his right tibia and fibula requiring surgery. Tr. 342-43. After he had healed from his surgery, the record reflects that plaintiff continued to experience pain in his legs and difficulty ambulating in 2010 and 2011. Tr. 427; 625-28; 618-23; 633. The ALJ did not address this contrary evidence when formulating his RFC.

The vocational expert in this matter has testified that if plaintiff needed to adjust his position every thirty minutes as testified to by plaintiff, there would be no jobs in the nation economy that plaintiff could perform. Tr. 51. Though the ALJ rejected plaintiff's statements regarding his need to change positions and his continued difficulty with ambulation, plaintiff's treating physician, Dr. Barsanti, gave an opinion in December 2011[1] regarding permanent work restrictions which included the following: no prolonged sitting, no repetitive motion, no lifting/carrying over five pounds, and no pushing or pulling with legs. Tr. 634. Dr. Barsanti's opinion further noted that plaintiff would be required to be able to change positions as needed

---

[1] This evidence was submitted after the ALJ's decision but was presented to the appeals council and is thus appropriately considered here. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

4

while working. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p. Dr. Barsanti's opinion is not inconsistent with the record evidence and serves to bolster plaintiff's credibility regarding his limitations. Because the record clearly demonstrates that plaintiff continued to have difficulty ambulating and that he would need to change positions more frequently than provided for by the ALJ's RFC finding, the Court finds the ALJ's decision not to be supported by substantial evidence.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his

reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for his decision and the record before this Court properly supports a finding that the Acting Commissioner has failed to satisfy her burden to show that plaintiff can perform work in the national economy. In light of the vocational expert's testimony, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion for judgment on the pleadings [DE 23] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this __18__ day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE